IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY JEROME STRODER,  <br>　　　　Plaintiff,  <br>　　v.  <br>M. D. LIZE; R. N. MAGGIE, Head Nurse; and ALAMEDA COUNTY SHERIFF'S DEPARTMENT,  <br>　　　　Defendants. | No. C 07-4593 WHA (PR)  <br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate of the Alameda County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

**DISCUSSION**

**A.     STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
3 that the violation was committed by a person acting under the color of state law. *West v. Atkins*,
4 487 U.S. 42, 48 (1988).

5  **B.  LEGAL CLAIMS**

6    Plaintiff contends that defendant Maggie, a nurse, ordered him to give her his crutches
7 or she would "send [him] to the hole." She also told him that some of his medical records had
8 been lost. He contends that she treated him this way was because he had filed a grievance
9 against her.

10   The only allegations mentioning defendant Lize, a doctor, are that he was named in the
11 initial grievance that allegedly triggered the retaliation and that he told plaintiff that he does not
12 know where the missing medical files "went." This is not sufficient to state a claim against
13 Lize. From these facts, it is not even possible to tell what sort of claim plaintiff might have in
14 mind, so the Court is unable to provide any further explanation of the deficiencies of the claim –
15 if plaintiff chooses to amend, he should simply state the facts which he contends show that Lize
16 violated his constitutional rights. If the facts are no more than what is presently pleaded,
17 plaintiff does not have a claim against Lize.

18   Plaintiff has also named the Alameda Sheriff's Department as a defendant. The police
19 department of a city and the sheriffs department of a county are public entities under California
20 law and therefore may be sued in federal court. *See Shaw v. Cal. Dep't of Alcoholic Beverage*
21 *Control*, 788 F.2d 600, 604-05 & n.1 (9th Cir. 1986); *see also Brewster v. Shasta County*, 275
22 F.3d 803, 812 (9th Cir. 2001) (California county sheriff's department acts for county rather than
23 state when investigating crime, thus county may be subject to § 1983 liability). As with claims
24 against municipalities, however, plaintiff must allege that the violation of his rights was
25 pursuant to a custom or policy of the department, or allege facts from which such a custom or
26 policy can be inferred. *See Shaw*, 788 F.2d at 610-11. In this complaint plaintiff has not
27 alleged that the violation of his rights was pursuant to a custom or policy of the Alameda
28 County Sheriff's Department, nor has he alleged facts from which such a custom or policy

could be inferred.

For the reasons set out above, the complaint will be dismissed with leave to amend. In amending, plaintiff should bear in mind that [w]hile a complaint ... does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).   Plaintiff must "proffer enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address."  Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned.  Petitioner also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February  26 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.07\STRODER4593.DWLTA.wpd

3